UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ROBINSON and
VALENTINA ROBINSON,

      Plaintiffs,

v.

      Civil Case No. 18-13685
      Honorable Linda V. Parker

RANCHES OF ROSEBROOK,
DAWN CHARLES and LISA LESSNAU,

      Defendants.

_____/

## OPINION AND ORDER (1) GRANTING PLAINTIFFS' APPLICATIONS TO PROCEED IN FORMA PAUPERIS, (2) SUMMARILY DISMISSING COMPLAINT, AND (3) DENYING AS MOOT PENDING MOTIONS

Plaintiffs filed this lawsuit against Defendants on November 26, 2018. On the same date, Plaintiffs filed applications to proceed in forma pauperis and a "Motion for Permanent Injunction and Restraining Order and Emergency Motion for Plaintiff to be Removed from the Michigan Sex Offender Registry List."[1] In their Complaint, Plaintiffs assert that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. (Compl. at 1, ECF No. 1 at Pg ID 1.)

---

[1] The Court finds that Plaintiffs are entitled to proceed in forma pauperis and therefore is granting their application.

28 U.S.C. § 1915 requires a court to dismiss a case in which the plaintiff proceeds in forma pauperis "at any time if the court determines that . . . (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1343 confers "civil rights" jurisdiction on the federal courts in that it provides for federal subject matter jurisdiction over actions seeking relief "under any Act of Congress providing for the protection of civil rights, including the right to vote." 28 U.S.C. § 1343(a)(4). In their Complaint, Plaintiffs state that this lawsuit arises under 42 U.S.C. § 1983. (*See* Compl. at 1, ECF No. 1 at Pg ID 1.)

A plaintiff alleging a claim under § 1983 "must demonstrate a deprivation of a right secured by the Constitution or laws of the United States caused *by a person acting under color of state law*." *Westmoreland v. Sutherland*, 662 F.3d 714, 718 (6th Cir. 2011) (emphasis added) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Defendants are an apartment complex, the complex's property manager, and a

2

leasing agent. (*See* Compl. at 1, 2, ECF No. 1 at Pg ID 1-2.) They are private parties, not state actors. Generally, private parties like Defendants are not state actors unless their actions are "fairly attributable to the state." *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). A private party that has conspired with state officials to violate constitutional rights also qualifies as a state actor and may be held liable under § 1983. *Moore v. City of Paducah*, 890 F.2d 832, 834 (6th Cir. 1989); *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985).

The Sixth Circuit Court of Appeals recognizes three tests for determining whether a private party's conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test. *Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (2004) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). In summary,

> [t]he public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship between the state and the private actor so that the action taken may be attributed to the state.

*Id.* (quotation marks and internal citations omitted). The allegations in Plaintiffs' Complaint in no way suggest conduct by Defendants that is "fairly attributable to the state" under any of these tests. While Plaintiffs assert that Plaintiff Christopher

3

Robinson is wrongly listed on the State's sex offender registry, it is not Defendants who have listed him there. Nor do Plaintiffs' allegations suggest a conspiracy between Defendants and state officials.

Therefore, the Court concludes that Plaintiffs' § 1983 claim against Defendants fails to state a claim upon which relief may be granted and must be dismissed. Plaintiffs fail to set forth any other basis for the Court's subject matter jurisdiction over this action.

Accordingly,

**IT IS ORDERED** that Plaintiff's applications to proceed in forma pauperis (ECF Nos. 2, 3) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiffs' pending motion (ECF No. 4.) is **DENIED AS MOOT**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 3, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 3, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager